UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| COREY WALKER | Index No.: 18-cv-5517 |
| Plaintiff, | **COMPLAINT** |
| -*against*- | Plaintiff Demands Trial by Jury |
| CITY OF NEW YORK and<br>POLICE OFFICERS JOHN DOE #'s 1-10, | |
| Defendants, | |

------------------------------------------------------------X

Plaintiff, COREY WALKER, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, the CITY OF NEW YORK and POLICE OFFICERS JOHN DOE #'S 1-10 upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, COREY WALKER, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the incident complained of occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age residing in Bronx County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7. Defendant POLICE OFFICERS JOHN DOE #'S 1-10 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and

engaging in conduct incidental to the performance of their lawful functions in the course of their duty. They are sued individually and in their official capacity.

## STATEMENT OF FACTS

8. Plaintiff was diagnosed with schizophrenia and Post Traumatic Stress Disorder ("PTSD") in 2013 while serving in the military.

9. Since that time Plaintiff has periodically suffered episodes where he becomes paranoid, sweats heavily, experiences muscle spasms and is generally overcome by anxiety.

10. On February 10, 2018 plaintiff, while plaintiff was at home in the second floor apartment at 1420 Balcom Avenue in the Bronx, at approximately 5:00 P.M., plaintiff suffered such an attack.

11. At the onset of the episode, plaintiff locked himself in his bedroom.

12. At some point shortly thereafter, police arrived at the apartment and started to bang on the bedroom door.

13. Plaintiff was in the midst of a full on panic attack.

14. The police officers shouted for him to open the door but plaintiff was so overcome by anxiety that he could not move.

15. The police officers then kicked the bedroom door in.

16. At this point numerous officers, including but not limited to defendants JOHN DOE #1-10 enter the room.

17. Defendant POLICE OFFICER JOHN DOE #1, a tall, white, bald officer, had a yellow Taser drawn and pointed at Plaintiff.

18. POLICE OFFICER JOHN DOE #2 started to yell at Plaintiff, asking him why he was acting crazy.

19. Plaintiff was still wracked by anxiety and standing in the corner with his back against the wall.

20. Plaintiff removed his phone from his pocket and POLICE OFFICER JOHN DOE #3 slapped it out of his hand.

21. The officers continued to shout at plaintiff.

22. Defendant POLICE OFFICER JOHN DOE #1 stood less than three feet away from Plaintiff, holding a Taser and pointing it at him.

23. Plaintiff does not recall being issued any commands.

24. Plaintiff looked at POLICE OFFICER JOHN DOE #1 and started to say don't shoot when the Defendant stunned Plaintiff with the Taser.

25. Plaintiff dropped to the floor but then immediately stood up before falling backwards.

26. Defendants POLICE OFFICERS JOHN DOE #'s 2-5 then descended upon plaintiff and held plaintiff down as one of the officers handcuffed him.

27. Plaintiff, with the handcuffs fully clasped around his wrists, then tried to stand up on his own. When he did that he was Tased for a second time by Defendant POLICE OFFICER JOHN DOE #1.

28. The second Taser shot sent Plaintiff falling backwards into the wall.

29. Plaintiff hit the wall and started to fall but stayed on his feet.

30. Plaintiff was then Tased for a third time by Defendant POLICE OFFICER JOHN DOE #1.

31. At some point Plaintiff lost consciousness. When he awoke he was in an ambulance, still handcuffed and placed belly up on a stretcher, experiencing pain form the weight of his body being placed on top of his cuffed wrists.

32. Plaintiff was transported to Jacoby Hospital in the Bronx, where he remained for a period of time afterwards.

33. No criminal charges were ever filed against Plaintiff and no further police contact resulted from this incident.

34. At no time during the events described above did Plaintiff do anything that would warrant being Tased even once.

35. At no time during the events described above did the Defendant officers have probable cause to use force against plaintiff.

36. As a result of the Defendants' unlawful and excessive use of force Plaintiff suffered pain and exacerbated mental anguish related to schizophrenia and PTSD.

## AS FOR A FIRST CAUSE OF ACTION

**Excessive Force against all Defendants in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.**

37. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

38. At all times during the events described above Defendants lacked probable cause to use force against Plaintiff.

39. The aforementioned acts of the Defendants, including POLICE OFFICER JOHN DOE #1's use of force against Plaintiff, were carried out under the color of state law.

40. The aforementioned acts of the Defendants, including POLICE OFFICER JOHN DOE #1's use of a Taser against Plaintiff, were carried out in their capacity as police officers with all actual and/or apparent authority afforded thereto.

41. The use of excessive force against plaintiff by the Defendants deprived Plaintiff of the right to be free from excessive force guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America in violation of 42 U.S.C. § 1983.

42. As a result of the aforementioned acts of the Defendants, including POLICE OFFICER JOHN DOE #1's use of a Taser, Plaintiff suffered substantial physical pain and emotional distress.

## AS FOR A SECOND CAUSE OF ACTION

### Municipal Liability under 42 U.S.C. § 1983 against the City of New York

43. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

44. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the police officer Defendants because their conduct was a direct consequence of inadequate training and supervision of police officers by Defendant CITY OF NEW YORK and its agent, the New York Police Department.

45. At all times relevant to this complaint Defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to use force and inflict pain without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

46.     At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the reckless misuse of Tasers such as in the incident described in this complaint.

47.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated and supported.

48.     The wrongful polices, practices and customs complained of herein demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violation of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 06/19/2018
Brooklyn, NY

By:     /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
*Corey Walker*
575 Decatur Street #3
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com